ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED:
 DID THE AMENDMENT OF 14A O.S. 3-506(6) OF TITLE 14A OF THE OKLAHOMA STATUTE, IN S.B. NO. 393 OF THE 1ST SESSION OF THE 44TH LEGISLATURE, AFFECT THE PROCEDURE BY WHICH THE DEPARTMENT OF CONSUMER CREDIT PROMULGATES RULES UNDER TITLE 14A?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY A REVIEW OF APPLICABLE LAW, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED IN AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
AS WITH OTHER AGENCIES OF THE STATE, THE OKLAHOMA DEPARTMENT OF CONSUMER CREDIT IS REQUIRED TO PROMULGATE RULES PURSUANT TO RULEMAKING PROCEDURES CONTAINED IN ARTICLE 1 OF THE OKLAHOMA ADMINISTRATIVE PROCEDURES ACT, 75 O.S. 250 (1991), ET SEQ., AS AMENDED (THE "APA"). WHILE ORIGINALLY ENACTED IN 1961, THE APA WAS MARKEDLY AMENDED IN THE LATTER PART OF THE 1980'S TO CREATE A MECHANISM FOR PUBLIC INPUT INTO AND AWARENESS OF ADMINISTRATIVE AGENCY FUNCTIONS BY MANDATING THAT ALL ADMINISTRATIVE AGENCIES OF THE STATE PROMULGATE A CODIFIED SYSTEM OF AGENCY RULES. RULES MUST BE PROMULGATED IN ORDER TO IMPLEMENT, INTERPRET OR PRESCRIBE LAW OR POLICY, OR DESCRIBE THE PROCEDURE OR PRACTICE OF THE AGENCY. 75 O.S. 250.3 AND 75 O.S. 250.4 (1993). NO AGENCY OF THE STATE IS EXEMPT FROM RULEMAKING REQUIREMENTS EXCEPT AS SPECIFICALLY AUTHORIZED BY 75 O.S. 250.4 OF THE APA. IN EFFECT, RULE PROMULGATION IS THE MECHANISM WHICH PROVIDES AN AGENCY WITH THE ABILITY TO CARRY OUT ITS LEGISLATIVELY GRANTED MISSION.
THE DEPARTMENT OF CONSUMER CREDIT WAS CREATED IN 1969 TO, AMONG OTHER THINGS, IMPLEMENT AND ENFORCE THE PROVISIONS OF THE OKLAHOMA CONSUMER CREDIT CODE, 14A O.S. 1-101, ET SEQ., AS AMENDED (THE "UCC"). SECTION 14A O.S. 3-506 OF TITLE 14A, AS AMENDED IN 1993, PROVIDES, IN PART:
 "THE ADMINISTRATOR MAY PROMULGATE RULES NECESSARY FOR THE ENFORCEMENT OF THIS ACT AND CONSISTENT WITH ALL OF ITS PROVISIONS. EACH SUCH RULE SHALL REFER TO THE PART, SECTION OR SUBSECTION TO WHICH IT APPLIES. BEFORE ADOPTING A RULE THE ADMINISTRATOR SHALL GIVE EVERY LICENSEE AT LEAST THIRTY (30) DAYS' NOTICE OF A PUBLIC HEARING, STATING THE TIME AND PLACE THEREOF AND THE TERMS OR SUBSTANCE OF THE PROPOSED RULE. AT THE HEARING, ANY LICENSEE OR OTHER PERSON MAY BE HEARD AND INTRODUCE EVIDENCE, DATA, OR ARGUMENTS OR PLACE THE SAME ON FILE. THE ADMINISTRATOR SHALL ADOPT AND PROMULGATE EVERY RULE IN WRITTEN FORM STATING THE DATE OF ADOPTION AND THE DATE OF PROMULGATION. EACH RULE SHALL BE ENTERED IN A PERMANENT BOOK WHICH SHALL BE A PUBLIC RECORD AND BE KEPT IN THE ADMINISTRATOR'S OFFICE. A COPY OF EVERY RULE SHALL BE MAILED TO EACH LICENSEE AND NO RULE SHALL BE EFFECTIVE UNTIL THE EXPIRATION OF AT LEAST TWENTY (20) DAYS AFTER SUCH MAILING."
PRIOR TO THE RECENT AMENDMENT OF 14A O.S. 3-506 (1991), THIS SUBSECTION REFERRED TO THE "MAKING" OR "ADOPTION" OF "REGULATIONS." IN SHORT, THE SUBSTANCE OF THE AMENDMENT OF THIS SUBSECTION WAS TO REMOVE ANTIQUATED LANGUAGE AND REPLACE IT WITH LANGUAGE CONSISTENT WITH TERMINOLOGY USED IN THE ADMINISTRATIVE PROCEDURES ACT WITH REGARD TO RULEMAKING. HOWEVER, THE METHODOLOGY OF RULE PROMULGATION IN THE REVISED 3-506 IS QUITE DIFFERENT FROM THAT USED IN THE APA. FOR EXAMPLE, 3-506 HAS NO REQUIREMENT FOR PUBLICATION IN THE OKLAHOMA REGISTER OR FOR LEGISLATIVE OR GUBERNATORIAL REVIEW AND APPROVAL.
THE PRIMARY RULE OF STATUTORY CONSTRUCTION IS TO DETERMINE THE LEGISLATIVE INTENT OF A STATUTE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECT. TXO PRODUCTION CORP. V. OKLAHOMA CORPORATION COMMISSION, 829 P.2D 964 (OKLA.1992). FURTHER, WE MUST PRESUME THAT THE LEGISLATURE EXPRESSED ITS INTENT IN A STATUTE AND THAT IT INTENDED WHAT IT EXPRESSED. DARNELL V. CHRYSLER CORPORATION, 687 P.2D 132 (OKLA.1984). LEGISLATIVE ACTS ARE TO BE CONSTRUED IN SUCH A MANNER AS TO RECONCILE THE DIFFERENT PROVISIONS AND RENDER THEM CONSISTENT AND HARMONIOUS, AND GIVE INTELLIGENT EFFECT TO EACH. EASON OIL CO. V. CORPORATION COMMISSION, 535 P.2D 283 (OKLA.1975).
IN THIS REGARD, THE LEGISLATURE HAS CREATED A SPECIFIC PROVISION WHICH REQUIRES THAT FOR CERTAIN RULES PROMULGATED BY THE DEPARTMENT OF CONSUMER CREDIT ACTUAL NOTICE TO LICENSEES OF THE DEPARTMENT BE GIVEN PRIOR TO PROMULGATION. SECTION 14A O.S. 3-506 RELATES SOLELY TO RULES PROMULGATED BY THE DEPARTMENT UNDER THE UNIFORM CONSUMER CREDIT CODE, 14A O.S. 1-101 (1991) ET SEQ. WHILE THE PROCEDURE SET FORTH IN 3-506 DIFFERS MARKEDLY FROM THE PROCEDURES IN THE APA, THE EVIDENT INTENT IS TO REQUIRE THE DEPARTMENT TO GIVE NOTICE IN ADDITION TO THAT REQUIRED UNDER THE APA. THERE IS NO INDICATION THAT THE DEPARTMENT MAY FOREGO PROMULGATION REQUIREMENTS UNDER THE APA FOR THESE RULES. INDEED, THE PLAIN LANGUAGE OF THESE STATUTES REQUIRE THE DEPARTMENT TO UNDERGO, FOR CERTAIN RULES, TWO PROMULGATION PROCESSES IN ORDER TO PROVIDE ADDITIONAL PUBLIC NOTICE AND HEARINGS. THIS CONSTRUCTION ALLOWS BOTH ACTS TO BE GIVEN EFFECT WITHOUT DOING DAMAGE TO EITHER.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT THE AMENDMENT OF 14A O.S. 3-506(6) OF TITLE 14A OF THE OKLAHOMA STATUTE, IN S.B. NO. 393 OF THE 1ST SESSION OF THE 44TH LEGISLATURE, AFFECTS THE PROCEDURE BY WHICH THE DEPARTMENT OF CONSUMER CREDIT PROMULGATES RULES UNDER TITLE 14A BY REQUIRING THE DEPARTMENT TO COMPLY WITH BOTH THE ADMINISTRATIVE PROCEDURES ACT RULE PROMULGATION REQUIREMENTS AND THE REQUIREMENTS SET FORTH UNDER 14A O.S. 3-506(6) (1993).
(JAMES ROBERT JOHNSON)